## CLIFTON, ET AL. v. COOK.

1. When an election is ordered by the Legislature to ascertain the sense of the people of the county, as to the site of the court house, and an election is had, it ought not to be disturbed because of some irregularity, or informality in the mode of holding it, if a majority of the legal votes are cast in favor of a particular place.

Error to the Circuit Court of Cherokee.

Petition for a *mandamus*.

RICE, for the plaintiff in error.
WALKER & WHITE, contra.

ORMOND, J.—We have not considered it necessary to enter upon the inquiry, whether there may not have occurred some slight irregularity in the election held for the county site, between the rival places of " Centre" and " Cedar Bluff," because it does not appear from the petition that " Centre" has received a majority of the legal votes of the county. The objections to the election, are, that the returns of the county precincts were made to the sheriff instead of being made to the managers of the court house, and were not ·sealed up, and that the sheriff appointed the managers at some of the precincts.

The design of the act under which this election was made was, to ascertain the sense of the people of the county as to the location of the county site, and if the election was fairly conducted, it ought not to be disturbed because a manager was appointed by the sheriff instead of the Judge of the County Court and Commissioners of Roads and Revenue. It is not alledged in the petition, that the return made by the sheriff

was not authorized by the vote which was cast, and even if it were conceded that the reference in the statute, authorizing this election, was to the mode in which the general State elections are conducted, and are adoptions of the rules prescribed for general elections, yet we apprehend that the true question always in a contested election is, which party has received the highest number of legal votes. We do not therefore consider it necessary to inquire whether there has not been some irregularity in the mode of holding the election, nor whether the petitioners have shown such an interest in the question, as will authorize them to petition for a mandamus. The merits of the question appear to have been settled in the election by the people of Cherokee, and no mandamus can issue upon an objection which relates to form merely.

Let the judgment of the County Court be affirmed.